UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA, :
:
    Plaintiff, :
:
v. : Case No.  8:05-Cr-530-T-30EAJ
:
JOSE GONZALEZ, :
:
    Defendant. :
:

**PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC
PROPERTY AND ORDER OF FORFEITURE MONEY JUDGMENT**

THIS CAUSE comes before the court upon the filing of the Motion (Dkt. #371) of the United States of America for entry of a Preliminary Order of Forfeiture, **which, upon entry, shall become a final order of forfeiture as to defendant Jose Gonzalez's, right, title, and interest** in the following specific property**:**

    1.    Real property located at 9670 River Road, Spring Hill, Florida 34608, (hereinafter "9670 River Road, Spring Hill, Florida") including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

        Lot 2, Block 1719, SPRING HILL UNIT 25, a subdivision according to the plat thereof as recorded in Plat Book 10, Pages 61-78 inclusive, of the public records of Hernando County, Florida.

        Parcel Identification Number: R32 323 17 5250 1719 0020;

    2.    Real property located at 12708 Box Drive, Hudson, Florida 34667 (hereinafter "12708 Box Drive, Hudson, Florida") including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

>Lot 3, Block 14, ROLLING OAKS ESTATES UNIT 1, according to the plat thereof, recorded in Plat Book 16, Pages 23 through 32 of the Public Records of Pasco County, Florida
>
>Parcel Identification Number: 04-24-17-0030-01400-0030; and

for a forfeiture money judgment in the amount of $20,000.00, for which the defendant is personally liable. This amount represents the portion of the total $946,000.00 proceeds of the crime, from which defendant personally benefitted as a result of his participation in the conspiracy.

The court hereby finds that the United States has met its burden of establishing the sufficiency of the *nexus* between the offense and the specific property sought for forfeiture. The court further finds that the amount of proceeds obtained by the defendant as a result of his participation in the conspiracy as charged in Count One of the Indictment, for which defendant pled guilty to a lesser included marijuana quantity, is $20,000.00. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that for good cause shown, said Motion (Dkt. #371) of the United States is hereby GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853, all right, title and interest of defendant Jose Gonzalez in the above-referenced specific property is hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2(b)(2), defendant Jose Gonzalez is personally liable for a

forfeiture money judgment in the amount of $20,000.00, which represents the amount of proceeds the defendant obtained as a result of his participation in the conspiracy as charged in Count One of the Indictment.

IT IS FURTHER ORDERED that the United States may seek forfeiture of any of the defendant's other property up to the total value of the $20,000.00 money judgment as substitute assets in satisfaction of the judgment, pursuant to the provisions of 21 U.S.C. § 853(p).

The court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property and any other property, belonging to the defendant, that the United States is entitled to seek as substitute assets (up to the amount of the forfeiture money judgment), and to entertain any third party claims that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Adelaide G. Few, AUSA
Counsel of Record

F:\Docs\2005\05-cr-530.FMJ Gonzalez 371.wpd